[Dowling & Co. v. Wall, Stokes & Co.]

# Dowling & Co. v. Wall, Stokes & Co.

*Action of Trover.*

1. *Landlord's lien for advances made at his request; superior to lien of chattel mortgage previously executed.*—Where a merchant is induced to make advances to a tenant at the instance and request of the landlord, who "became legally bound or liable at or before the time such advances were made," the landlord's lien for such advances on the crop grown on the rented lands, is superior to a mortgage on the crop previously executed by the tenant to a third person; and the merchant, to whom was delivered the crop by the landlord or his agent in payment of the advances, is not liable to the mortgagee in an action of trover for the conversion of said crop.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This was an action of trover brought by the appellees against the appellants, to recover damages for the alleged conversion of seven bales of cotton. Issue was joined on the plea of general issue.

The claim of the plaintiff and the defendants, respectively, and the other facts of the case necessary to an understanding of the decision, are sufficiently stated in the opinion.

Among the charges requested by the defendants, and to the refusal to give each of which they separataly excepted, was the following: "If the jury believe the evidence in this case, they must find for the defendants." There were verdict and judgment in favor of the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

SOLLIE & KIRKLAND, for appellants, cited *Abraham v. Carter*, 53 Ala. 10; *Folmar v. Copeland*, 57 Ala. 590; *Carter v. Wilson*, 61 Ala. 438; *Brown v. Smith*, 22 Ala. 534; *Stern v. Simpson*, 62 Ala. 194; *Rees v. Coats*, 65 Ala. 258; *Shields v. Atkinson*, 67 Ala. 244.

H. L. MARTIN, *contra*, cited *Keith & Son v. Ham*, 89 Ala. 590; *Youngblood v. Belser*, 103 Ala. 545.

HEAD, J.—This is a dispute as to the proper disposition of cotton grown by B. S. Brown in 1894. The plaintiffs, Wall, Stokes & Co., suing in trover, claim to have held a lien on the cotton under a mortgage executed to them by Brown in November, 1893. The defendants, S. D. Dowling & Co., who obtained and converted the cotton, claim under an alleged superior landlord's lien for advances made by them upon the credit and responsibility of Mrs. Annie J. Dowling, Brown's landlord, who was a member of defendant's firm. Both claim through Brown, and each is estopped to deny his title. The validity of plaintiff's mortgage is not contested, the dispute being only as to the superiority of its lien. It was not, and is not now, questioned that the advances which were made to Brown by the defendants were of that character and extent that, if made by a landlord to an agricultural tenant, would secure the former in the statutory lien on the crop, and the bill of exceptions will be treated as containing undisputed proof of the fact. There is no conflict in the evidence of the other material facts. It shows that Brown was the tenant of Mrs. Dowling for 1894, and, as such, grew the cotton in controversy on the rented land ; that defendants made to him the advances claimed, "at her instance and request," and "for which she became legally bound or liable at or before the time such advances were made." Under these facts, the statute conferred upon her a lien upon the crop grown on the rented lands, "which is paramount to, and has a preference over, all other liens," for the said advances. When the cotton was ready for market Brown delivered it to the defendant, S. D. Dowling, with instructions to sell, and apply the proceeds to the payment of said advances, which was done, the account absorbing the whole of the proceeds. The sales were made in the name of the firm. S. D. Dowling was, during the year 1894, the general agent of Mrs. Annie J. Dowling, and as such, had general authority to attend to her individual business, and to collect for her and make settlements with her tenants and to attend to all her business. Brown had all his transactions with Mrs. Dowling through S. D. Dowling as her agent. She is not complaining of the disposition made of the cotton.

Under this evidence, the defendants were entitled to the general affirmative charge which they requested.

The abandoned parol agreement to purchase the land, by Brown, from the husband of Mrs. Dowling, before his death, is of no materiality in the case. Brown abandoned that arrangement and rented from Mrs. Dowling, after her husband's death, and after she had become administratrix of her husband's estate; and on division of the land among the heirs, during that year, she was retained in the possession, with the right to the rents for that year. These facts are shown without dispute.

Nor was it material how the advances were charged on the books of the defendants. The evidence is without conflict that Mrs. Dowling procured defendants to make the advances. Besides, she was a member of defendants' firm, and, hence, one of the parties who made the advances.

Reversed and remanded.